UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAROL ANTONIO SANTIAGO,

   Plaintiff,

v.                                                                  Case No. 3:22cv24375-LC-HTC

DAVID KNUDSEN, et al.,

   Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant David Knudsen's motion for summary judgment, EFC Doc. 18, to which Plaintiff responded, ECF Doc. 36. Upon consideration and for the reasons set forth below, the undersigned recommends the motion be GRANTED.

**I.   BACKGROUND**

Plaintiff, Jarol Santiago, an inmate with the Florida Department of Corrections ("FDOC"), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint seeking to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. He brought this action against Defendants "Mr. David" and "Miss Wing," two food service employees at Blackwater River Correctional Facility ("BRCF"). Plaintiff's

complaint sets forth the following factual allegations, which are accepted as true for the purposes of this Report and Recommendation.

On December 30, 2018, Plaintiff was injured when a heavy container fell on him while working as the head cook at BRCF. Mr. David was the manager of the kitchen and Miss Wing was the head supervisor. Plaintiff was hired by Miss Wing to be the head cook at BRCF. Prior to the accident, Plaintiff noticed on several occasions, while he was cooking, that a heavy container was always out of place and told Miss Wing, but the problem was not fixed until after the accident. A container also fell on another inmate.

Based on the foregoing, Plaintiff alleges Mr. David knew or should have known about the "malfunction[ing] equipment," but did nothing to fix it. He also contends Miss Wing was aware of the "danger" of placing him in the kitchen. Thus, Plaintiff alleges Mr. David and Miss Wing acted with deliberate indifference, thus, violating his rights under the Eighth and Fourteenth Amendments. As relief, Plaintiff seeks injunctive relief and compensatory damages of $250,000 for injuries to his right ankle, right shoulder, lower back and mental and emotional injuries.

## II.   SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, a Defendant must show Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322–23 (1986).  If Defendant successfully negates an essential element of Plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id*.  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The courts liberally construes the filings of *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  However, "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## III.  DISCUSSION

The basis of Defendant's summary judgment motion is simple; he was not employed at BRCF in December 2018, and thus, could not have violated Plaintiff's constitutional rights.  Based on the evidence provided, as well as this Court's own efforts to assist Plaintiff in identifying the correct defendant, the undersigned finds that Plaintiff has failed to produce evidence sufficient to show the "David" he contends was the manager was David Knudsen.  Thus, the undersigned recommends summary judgment be entered in favor of David Knudsen.

As stated above, Plaintiff named "Mr. David" as the Defendant, with no last name. Because Plaintiff is proceeding *in forma pauperis*, the Court caused "Mr. David" to be served by issuing a summons and complaint to BRCF, where Mr. David was alleged to have worked. On March 9, the summons was returned executed by David Knudsen. ECF Doc. 16. On that same day, counsel appeared for David Knudsen. ECF Doc. 17.

On March 13, 2023, Knudsen filed a motion for summary judgment, with exhibits. ECF Doc. 18. The exhibits include a Declaration from Knudsen and from The GEO Group, Inc.'s Human Resource Director, Edith Gibson. ECF Docs. 18-1, 18-2. Both declarations state that Knudsen was not employed at BRCF until March 21, 2022, and thus could not have been involved with the incident Plaintiff complains about from 2018. *Id.*

In Plaintiff's response to the motion, Plaintiff claimed that, after he was hired by Miss Wing, Plaintiff interacted with "Mr. David" for the first time in 2018 when Mr. David asked Plaintiff to boil 24 eggs for him. ECF Doc. 36. Plaintiff contends this interaction is contrary to Knudsen's representation that he was not employed until 2022. Plaintiff further contends that another inmate, also employed in the kitchen, will testify that Mr. David was employed in 2018. Although Plaintiff's response included a sworn declaration, it does not contain any of the statements

above. Instead, in the declaration, Plaintiff simply states that he has not had time to get an affidavit from the inmate witness.

Because Plaintiff is proceeding *pro se*, the Court became concerned that there may be another "Mr. David" that was employed at BRCF in 2018, in the kitchen, and that the summons and complaint was served on Knudsen simply because he was the only "David" employed at BRCF at the time of service. Thus, even though the Court did not find Plaintiff's response to be sufficient to create a genuine issue of material fact, the Court, erring on the side of caution, entered an order directing counsel for Knudsen to provide a list of all GEO Group employees who worked in the food services department at BRCF in December 2018. ECF Doc. 38. The Court also ordered Plaintiff to, simultaneously, provide a physical description of "Mr. David."

On May 25, 2023, Knudsen's counsel provided such a list, ECF Doc. 39, and there is no person identified on the list with the first or last name of "David." Indeed, it appears that there was no one employed at BRCF in the food services department in December 2018, with a first or last name even remotely similar to "David." Moreover, Plaintiff described "Mr. David" as a white male, about 50-60 years old, weighing 220 to 260 pounds, and standing 5'6" tall. ECF Doc. 41. There is only one white male identified on the list provided by Knudsen's counsel, Michael S. Deaton, but Mr. Deaton would have been 38 years old in 2018.

Thus, the only evidence before the Court conclusively establishes that David Knudsen was not employed in December 2018, and thus, is not a proper party to this action. Knudsen is therefore entitled to summary judgment. *Johnson v. Rogers*, 2012 WL 3231327, at *9 (M.D. Ala. July 11, 2012), *report and recommendation adopted sub nom. Johnson v. Rodgers*, 2012 WL 3206238 (M.D. Ala. Aug. 6, 2012) (dismissing defendant who was improperly named).

Accordingly, it is respectfully RECOMMENDED:

1. That Defendant's motion for summary judgment (ECF Doc. 18) be GRANTED on all of Plaintiff's claims.

2. That the clerk terminate David Knudsen from this action.

Done at Pensacola, Florida, this 12th day of June 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.