UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAROL ANTONIO SANTIAGO,

   Plaintiff,

v.                                        Case No. 3:22cv24375-LC-HTC

URSULA WYNN,

   Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Ursula Wynn's motion to dismiss for lack of exhaustion, ECF Doc. 63. Plaintiff responded, ECF Doc. 68, and Defendant filed a Reply to that Response, ECF Doc. 69. Upon consideration and for the reasons set forth below, the undersigned recommends the motion be GRANTED and this case dismissed.

I.    BACKGROUND

Plaintiff Jarol Santiago, an inmate with the Florida Department of Corrections ("FDOC") proceeding *pro se* and *in forma pauperis*, sues Defendant Ursula Wynn,[1] a GEO Group employee, for violating his constitutional rights when a large container fell on him while he was working in the kitchen. Specifically, Plaintiff claims Wynn,

---

[1] Plaintiff initially named Defendant as "Miss Wing."

who hired him to work in the kitchen, knew the container could fall and failed to fix the problem.

## II.    LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of exhaustion is "to eliminate unwarranted interference with the administration of prisons in order to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Serv., Inc.*, 627 F.3d 1215, 1217 (11th Cir. 2010) (citation omitted). "Failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), and is considered a matter of abatement under Fed. R. Civ. P. 12. *Bryant v. Rich*, 530 F.3d at 1374, 1376 (11th Cir. 2008). Thus, it is treated like a defense of lack of jurisdiction. *Id.* Consequently, a district court may properly consider "facts outside of the pleadings to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.*

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The court first "looks to the factual allegations in the defendant's motion to dismiss

and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082 (citation omitted). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. at 1082.

### III.    DISCUSSION

Defendant argues that Plaintiff did not properly exhaust administrative remedies because he failed to file *any* timely informal or formal grievances regarding the December 30, 2018 incident. ECF Doc. 63. Performing the *Turner* two-step analysis, the undersigned respectfully recommends that, under step one, Defendant is entitled to have the complaint dismissed for a failure to exhaust administrative remedies.

In Florida, the procedural rules an inmate must follow to properly exhaust administrative remedies are promulgated by the FDOC and contained in the Florida Administrative Code. *See* Fla. Admin. Code Chapter 33-103 ("Inmate Grievances"). The FDOC's grievance procedure generally requires an inmate to: (1) file a timely informal grievance with a designated prison staff member, (2) file a timely formal grievance with the warden's office, and then (3) timely submit an appeal to the

Office of the Secretary.  *See* Fla. Admin. Code R. 33-103.005 to 33-103.007; *see also Parzyck*, 627 F.3d at 1218.

Moreover, the FDOC's rules establish strict time frames for inmates to file grievances, and "an untimely administrative grievance does not satisfy the exhaustion requirement of the PLRA." *Johnson v. Meadows*, 418 F.3d 1152, 1154 (11th Cir. 2005).  Under Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of when the incident or action being grieved occurred," and formal grievances (including direct formal grievances of a medical nature) must be received "no later than 15 calendar days" from either (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. (Rule 33-103.011(1)(a), and (b)).

Plaintiff did not abide by these strict time limits.  In the Complaint, Plaintiff alleged that the accident occurred on December 30, 2018.  ECF Doc. 1 at 5.  Thus, under the above FDOC time limits, Plaintiff had until Monday, January 21, 2019,[2] to file an informal or formal grievance sufficient to "put administrative authority on notice of all of the issues in contention and allow the authority an opportunity to investigate those issues." *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla.

---

[2] The twentieth day fell on a Saturday, so the Court uses the next business day, Monday, January 21, 2019.

2019) (internal brackets omitted). According to the sworn declaration of the Grievance Coordinator at Blackwater River Correctional Facility, Rolando Bethea, however, Plaintiff did not file *any* formal or informal grievances in the four months following December 30, 2018 (much less within 20 days). ECF Doc. 63-1.

Plaintiff does not dispute this fact in his response. Indeed, Plaintiff admits he "did not begin the grievance process until the injuries start[ed] worsen[ing] because I did not receive enough medical treatment." ECF Doc. 68 at 1. It is irrelevant, however, when Plaintiff received his medical treatment or when he concluded that he had not received "enough" medical treatment. Wynn did not provide any medical treatment to Plaintiff, and Plaintiff's complaint against Wynn does not arise out of any action she took or did not take with regard to his medical treatment. Thus, Plaintiff's reliance on any grievance he filed more than 20 days after the incident is irrelevant and insufficient to properly exhaust his claim under the FDOC's rules.[3] Clearly, even when accepting the allegations in Plaintiff's response as true, the complaint is subject to dismissal at step one of the *Turner* analysis.

---

[3] Plaintiff's other arguments regarding his interrogatories, retaliation, and the FDOC regulations regarding the mail are also irrelevant and nonsensical with regards to the exhaustion issue.

Case No. 3:22cv24375-LC-HTC

Accordingly, it is respectfully RECOMMENDED:

1. Defendant's Motion to Dismiss, ECF Doc. 63, be GRANTED and this action be DISMISSED for failure to exhaust.[4]

2. The clerk be directed to close the file.

At Pensacola, Florida, this 17th day of October, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

---

[4] While a dismissal based on lack of exhaustion is generally one without prejudice, here the dismissal is effectively one with prejudice because Plaintiff's claim against Wynn will be barred by the 4-year statute of limitations, unless otherwise waived.  *See Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) (holding "the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida").